## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **LARRY BANKS**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12 C 4999 |
| | ) |
| **CHICAGO POLICE DEPARTMENT**, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM ORDER

This Court's June 26, 2012 memorandum order in this case began in this fashion:

Although multiple filer Larry Banks ("Banks") seeks in forma pauperis status in connection with this putative 42 U.S.C. § 1983 ("Section 1983") lawsuit, he has not complied with the provisions of 28 U.S.C. § 1915(a)(2) that require him to provide a certified copy of his trust fund account statements for the six-month period that preceded the filing of his Complaint. That makes it impossible for this Court to determine whether he is enabled to pay the $350 filing fee in installments or is required instead to pay that fee up front.

Some three weeks later Banks responded with what he captioned "Plaintiff Motion To Take Judicial Notice," in which he reported:

1. At that point he had been at the Pinckneyville Correctional Center ("Pinckneyville") for less than 90 days (hence less than the statutory six-month period).

2. Before that he had been housed at the Cook County Jail from April 2011 forward.

3. Because he had filed earlier lawsuits that he claimed contained the necessary information about the transactions in his account while at the Cook County Jail, he asked this Court to retrieve the required information from those earlier cases.

This Court essayed to do Banks' work for him without success, because the records filed

in those earlier actions did not provide the missing information from the portion of the relevant six-month period preceding the filing of this lawsuit (see 28 U.S.C. § 1915(a)(2)[1]) before he was transferred to Pinckneyville. But more significantly, this Court's search on Banks' behalf turned up Judge Edmond Chang's July 5, 2012 minute order dismissing an action (12 C 4997) that Banks had filed immediately before this one, which order stated that it constituted Banks' third "strike" under Section 1915(g).

That being the case, there is no need to search on Banks' behalf any longer. Instead Section 1915(g) dictates that Banks must pay the $350 filing fee in this case in full and up front. Because he admittedly cannot do that, this action is dismissed.[2]

_____
Milton I. Shadur
Senior United States District Judge

Date: August 20, 2012

---

[1] Further citations to Title 28 provisions will simply take the form "Section --."

[2] This dismissal is not of course on the merits of Banks' claim (a subject on which this Court expresses no view). It is accordingly entered without prejudice.